J-A10013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

AARON MARTIN PETERS

Appellant

:
:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1353 EDA 2025

Appeal from the Judgment of Sentence Entered December 11, 2024
In the Court of Common Pleas of Monroe County
Criminal Division at No:  CP-45-CR-0001279-2023

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JULY 17, 2026**

Appellant, Aaron Martin Peters, seeks review of the judgment of sentence entered by the Court of Common Pleas of Monroe County (trial court), following a jury trial.  In 2024, Appellant was found guilty of flight to avoid apprehension (18 Pa.C.S.A. § 5126(a)), and evading arrest or detention on foot (18 Pa.C.S.A. § 5104(a)).  He was sentenced to an aggregate prison term of 18 to 48 months.  Appellant now contends on appeal that the flight to avoid apprehension conviction must be vacated due to legally insufficient evidence.  Specifically, he argues that the offense can only be committed if an officer's authority to detain arises directly from the commission of a crime, but not where, as here, police sought to execute a warrant for failure to appear at

_____

[*] Former Justice specially assigned to the Superior Court.

a hearing to determine his ability to pay costs assessed in an underlying misdemeanor case. We affirm.

On October 27, 2019, police observed Appellant violating provisions of the Motor Vehicle Code. Rather than acquiesce to the ensuing traffic stop, Appellant fled, resulting in a collision with a parked vehicle. In 2021, at criminal docket number CP-45-CR-0002710-2019 (case 2710), Appellant pleaded guilty to fleeing or attempting to elude (75 Pa.C.S.A. § 3733(a)), and driving under the influence (75 Pa.C.S.A. § 3802(a)(1)).

As part of Appellant's sentence in case 2710, he was ordered to pay fees, fines, and court costs. The trial court placed Appellant on a payment plan, but no payments were made, resulting in an outstanding balance of $1,828.73 for that case.[1] The criminal docket for case 2710 reflects that the trial court scheduled a cost contempt hearing on October 21, 2022, and Appellant did not appear. In response to the failure to appear, the trial court issued a bench warrant on October 25, 2022. **See** N.T. Trial, 9/23/2024, at 27. This warrant remained active as of February 26, 2023, when the present case commenced.

On that latter date, police observed Appellant on a bicycle committing a summary traffic offense. The officers were familiar with Appellant, and they knew that there was an active warrant for his arrest – the bench warrant

---

[1] The record reflects that, in addition to the present case, and case 2710, Appellant was assessed court costs in four other cases. The total outstanding balance owed in all six cases is $6,198.86.

issued in case 2710 after Appellant failed to appear at the cost contempt hearing. The officers then attempted to conduct a traffic a stop.

Like in case 2710, Appellant again refused to submit to the officers' authority. He fled from the officers, first on bicycle and then on foot. Appellant was eventually detained, and during a search of his person, the officers found a clear plastic baggie containing drug residue. Appellant explained to the officers at the scene that it seemed he "always runs from the police." N.T. Trial, 9/23/2024, at 21-22. Appellant was charged with flight to avoid apprehension, evading arrest or detention on foot, use or possession of drug paraphernalia (35 P.S. § 780-113(a)(32)), and the summary traffic offense of failure to signal (75 Pa.C.S.A. § 3335(a)).

To prove the elements of flight to avoid apprehension at the subsequent jury trial, the Commonwealth relied upon the bench warrant issued by the trial court in case 2710 after Appellant failed to appear at a scheduled cost contempt hearing. *See id*., at 26. The trial court later enumerated the elements of the offense for the jury and specifically instructed it that, as a matter of law, Appellant had been convicted of a misdemeanor. *See id*., at 97. Appellant was found guilty of flight to avoid apprehension, as well as evading arrest or detention on foot.

In his post-sentence motion to dismiss the case, Appellant argued that the evidence of flight to avoid apprehension was legally insufficient. *See* Post sentence motion, at 1/29/2025, at 1-16. The trial court denied the Appellant's motion, and he timely appealed, raising the following two issues in his brief:

1. Whether, for purposes of Flight to Avoid Apprehension, there was insufficient evidence that the Appellant had a charge or a conviction for a felony or misdemeanor, because the evidence merely showed the Appellant had a warrant from a cost contempt proceeding, which is not a felony or misdemeanor, is not punishment for any offense, and the contempt proceeding itself is not inherently criminal[.]

2. Whether, for purposes of Flight to Avoid Apprehension, there was insufficient evidence of the mens rea of intent to avoid apprehension, trial, or punishment, where the statute requires the intent to flee to be *from* the charge or conviction, where the evidence presented was the Appellant fled from a cost contempt proceeding, rather than a charge or conviction, where bench warrants and cost collections are not exclusive to criminal cases, and where no evidence presented to the jury actually connected that cost contempt proceeding to a felony or misdemeanor[.]

Appellant's Brief, at 6 (emphasis in original).

When the defendant challenges the sufficiency of the evidence, our standard of review is "whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Smith***, 206 A.3d 551, 557 (Pa. Super. 2019). The Commonwealth may sustain its burden of proof with wholly circumstantial evidence, and "[i]n applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder." ***Id***.

"The power to punish for contempt, including the power to inflict summary punishment, is not derived by statute but rather is a right inherent in courts and is incidental to the grant of judicial power." ***Commonwealth v. Ashton***, 824 A.2d 1198, 1202 (Pa. Super. 2003). "The Pennsylvania

Supreme Court has also stated that 'the interests of orderly government demand that respect and compliance be given to orders issued by courts possessed of jurisdiction of persons and subject matter. One who defies the public authority and willfully refuses obedience, does so at his peril.'" *Ewing v. Oliver Realty, Inc.*, 451 A.2d 751, 755 (Pa. Super. 1982) (quoting *Phila. Marine Trade Assoc. v. Int'l Longshoremen's Assoc.,* 140 A.2d 814, 826–27 (Pa. 1958) (concurring opinion of Bell, J.)).

The Judicial Code (42 Pa.C.S.A. §§ 101-9914) also authorizes the trial court in a criminal action to assess court costs, restitution, or fines as a form of alternative sentencing. *See* 42 Pa.C.S.A. §§ 9721(c.1), 9728, 9730. Regardless of whether costs are considered a form of criminal punishment, they definitively "are part of the criminal action or proceeding[.]" 42 Pa.C.S.A. § 9728(a)(1). The court may commit a defendant to prison, or issue a bench warrant, for failure to pay costs or fines if it is determined after a hearing that the defendant had the ability to pay but simply refused to do so. *See generally* Pa.R.Crim.P. 706.

The statute now in question, section 5126(a), prohibits a person from thwarting apprehension after the person has been charged or convicted of a misdemeanor or felony offense:

> **(a) Offense defined.--A person who willfully conceals himself** or moves or travels within or outside this Commonwealth **with the intent to avoid apprehension**, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and **commits a misdemeanor** of the second degree **when the**

- 5 -

**crime which he has been charged with or has been convicted of is a misdemeanor**.

18 Pa.C.S.A. § 5126 (emphasis added).

Section 5126(a) provides, in part, that a person may commit the offense by willfully concealing himself, with the intent to avoid apprehension, when the crime which he has been charged with or has been convicted of is a misdemeanor. **See** 18 Pa.C.S.A. § 5126(a). In the event of an underlying misdemeanor conviction, the statute does not require the defendant to be serving probation or any other criminal sanction at the time avoidance of apprehension takes place. **See id**. Simply put, "[s]ection 5126 imparts a specific intent to avoid apprehension (arrest) after charges have been filed [or a conviction has been entered], thus requiring a nexus between the intent to flee and the reason for fleeing." **Commonwealth v. Reed**, 347 A.3d 795, 806 (Pa. Super. 2025).

It is apparent from our review of the case facts, and a plain reading of section 5126,[2] that Appellant's conduct satisfied the elements of flight to avoid apprehension. There is no dispute that Appellant was convicted in case 2710 of a misdemeanor offense; that the trial court lawfully entered a bench

---

[2] "Where words are clear, we interpret the statute in accordance with its plain meaning without looking further than its text." **Commonwealth v. Griggs**, 349 A.3d 999, 1005 (Pa. Super. 2025). "It is only when a provision, read in context, is susceptible to at least two reasonable interpretations, or 'raises non-trivial interpretive difficulties on its face,' that we deem the language to be ambiguous." **Id**. (quoting **Commonwealth v. Hardy**, 337 A.3d 385, 409 n.113 (Pa. 2025)). "The plain language of the statute is the best indicator of the legislature's intent." **Commonwealth v. Chesapeake Energy Corp.**, 247 A.3d 934 , 942 (Pa. 2021).

warrant after he failed to appear for a hearing in connection with that case; and that he deliberately circumvented officers' attempt to apprehend him under the authority of the bench warrant.

Moreover, at the time Appellant sought to avoid apprehension, he certainly knew that a conviction for a misdemeanor had been entered in that case, and that he had been ordered at sentencing to pay costs (which he never did).[3]  A nexus was thereby established between (a) Appellant's intent to flee and (b) his potential apprehension arising from proceedings which were part of his criminal case.  **See Reed**, 347 A.3d at 803.  Thus, the Commonwealth presented sufficient evidence to sustain every element of flight to avoid apprehension beyond a reasonable doubt, and the judgment of sentence must be upheld as to that offense.

Judgment of sentence affirmed.

---

[3] Appellant argues in a subclaim that the jury could not infer his specific intent "to avoid the misdemeanor" because there was no evidence that the cost contempt bench warrant in case 2710 "was from that misdemeanor conviction case."  Appellant's Brief, at 13, 15.  We find no merit in this contention for several reasons.  First, the Commonwealth introduced a copy of the bench warrant from case 2710 into evidence at trial.  **See** N.T. Trial, 9/23/2024, at 27.  The defense then asked for the jury to be instructed that the underlying charges linked to the bench warrant were misdemeanors so that the jury would not have to be informed of "the nature of the underlying charges."  **Id**., at 26.  It was therefore *stipulated* that Appellant's flight to avoid apprehension was linked to a misdemeanor conviction.  **See id**.  In accordance with the stipulation, the jury was instructed, again without objection, that for purposes of flight to avoid apprehension, Appellant had been convicted of a misdemeanor "as a matter of law."  **Id**., at 97.  Finally, regardless of the stipulation, a defendant's knowledge of his conviction, sentence, and warrant for arrest "is necessarily imputed to [him]."  **Commonwealth v. Steffy**, 36 A.3d 1109, 1112 (Pa. Super. 2012).

President Judge Emeritus Stevens joins the memorandum.

Judge Lane concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/17/2026